# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7098 | **DATE** | 6/13/2001 |
| **CASE TITLE** | Sharif et al vs. Reno et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Case called for ruling. No one appears. **ENTER MEMORANDUM OPINION:** Defendants' motion (Doc 7-1) to dismiss is granted. The petition for habeas corpus is dismissed in it entirety.

(11) ■ [For further detail see order attached to the original minute order.]

No notices required, advised in open court.
No notices required.
Notices mailed by judge's staff.
Notified counsel by telephone.
✓ Docketing to mail notices.
✓ Mail AO 450 form.
Copy to judge/magistrate judge.

SCT courtroom deputy's initials

FILED FOR DOCKETING
01 JUN 13 PM 12: 57

Date/time received in central Clerk's Office

JUN 14 2001 date docketed

Document Number 9

DOCKETED
JUN 14 2001

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UMME S. SHARIF,<br>   Alien Registration No. 76 770 958, and<br>UMME N. SHARIF,<br>   Alien Registration No. 76 770 959,<br><br>           Plaintiffs,<br><br>vs.<br><br>JANET RENO, Attorney General; DORIS MESSNER, Commissioner of the Immigration & Naturalization Service; BRIAN R. PERRYMAN, District Director of the Immigration & Naturalization Service; DEBROAH ACHIM, Assistant Director for Deportation, and IMMIGRATION & NATURALIZATION SERVICE,<br><br>           Defendants. | No. 00 C 7098 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on Defendants' motion to dismiss the petition for a writ of habeas corpus. For the reasons set forth below, the motion is granted.

### BACKGROUND

Petitioners Umme S. Sharif ("Sadia") and Umme N. Sharif ("Nazia") are thirteen-year-old twin girls and natives of Pakistan. In 1989, the twins arrived in the



United States on six-month visitor's visas. They have remained in the country until this time with Mohammad Sharif, who Petitioners state is their biological father, next of kin, and legal guardian.

On or about January 8, 1998, the twins applied for adjustment to permanent resident status by filing separate applications for adjustment of status with the United States Immigration and Naturalization Service ("INS"). Both girls' applications were denied on the basis that no visa number was available to them. On or about June 28, 1999, the INS sent notifications of the denials to the address listed on the twins' applications: 5101 N. Sheridan Road in Chicago, Illinois.

On or about July 24, 2000, the INS issued a "Notice to Appear" to each of the girls. The notices were both addressed to "Umme SHARIF" and sent by regular U.S. mail to the Sheridan Road address the twins had listed on their applications for adjustment of status. Although the notices did not list the addressees' middle names, one notice referenced file number A76 770 958, Nazia's alien registration number, and the other referenced file number A76 770 959, Sadia's alien registration number. Each notice indicated that the addressee was subject to removal pursuant to Section 237(a)(1)(B) of the Immigration and Nationality Act (8 U.S.C. § 1227) and ordered her to appear before an immigration judge at 55 East Monroe, Chicago, Illinois, at a date and time "To Be Scheduled." According to the petition, one of the two notices was

forwarded by the U.S. Postal Service to the girls' new address in Bensenville, Illinois; the other was never received by the twins or their guardian, Mohammed Sharif.

According to INS records, a follow-up "Notice of Hearing in Removal Proceedings" was sent to each twin, at the Sheridan Road address, on August 9, 2000. The notices indicated that the girls' cases had been scheduled for hearings before the Immigration Court on October 24, 2000, at 9:00 a.m. The hearings were held as scheduled but the twins, who claim not to have received notice of the time and date of the hearing, did not appear either in person or through counsel. The Immigration Judge found them both to be removable and ordered them removed to Pakistan.

On or about November 2, 2000, Petitioners received by certified mail – forwarded to Bensenville from the Sheridan Road address – a single "bag and baggage" letter from the INS. The letter, which was addressed to Umme SHARIF with Nazia's alien registration number, instructed the addressee to report to the INS for deportation on November 9, 2000, at 9:15 a.m. Petitioners contacted the Deportation Officer named in the bag and baggage letter in an attempt to obtain a stay of execution of the deportation order, but the officer never responded to their request. Neither twin appeared for removal on November 9. Rather, on November 17, 2000, Petitioners moved the Immigration Court to reopen the *in absentia* removal orders for both twins, arguing that they did not receive adequate notice of their hearings. The immigration

judge denied the motion to reopen, and the twins appealed. The appeal is currently pending before the Board of Immigration Appeals, and the twins' removal is automatically stayed pending the outcome of those proceedings. See 8 C.F.R. § 3.23(b)(4)(iii)(c).

On November 18, 2000, the twins filed this petition for a writ of habeas corpus. They contend that the INS issued a final order of removal against them without first providing them with notice and a meaningful opportunity to respond to the charges against them in violation of the Due Process Clause of the United States Constitution. Petitioners seek, *inter alia*, declaratory relief and a preliminary injunction preventing the INS from deporting the twins until their habeas petition has been adjudicated.

Following the filing of the twins' habeas petition, President Clinton signed into law the Legal Immigration Family Equity Act (the "LIFE Act"), which enables certain aliens living unlawfully in the United States to apply for adjustment to the status of lawful permanent resident without first leaving the country. The LIFE Act further protects the spouses and minor children of LIFE late legalization applicants from removal pending resolution of the spouse's or parent's application for adjustment of status. According to the memorandum in support of the habeas petition, Mohammad Sharif is eligible to apply for adjustment of status under the LIFE Act by virtue of his membership in the class certified in Catholic Social Services, Inc. v. Meese, 685

F. Supp. 1149 (E.D. Cal. 1988). See LIFE Act Section 1104(b)(1). As a result, the twins argue, they are eligible for a temporary stay of removal pending a final determination on their father's application. See LIFE Act Section 1504.

Defendants (the "Government") have moved pursuant to Rules 12(b)(1) and 12(b)(6) to dismiss the habeas petition. They argue that the Court lacks jurisdiction over the petition because the twins have failed to exhaust their administrative remedies and because Congress has abolished district court habeas review of the INS actions the twins challenge. The twins have not responded to the motion to dismiss.

## DISCUSSION

### I. Exhaustion of remedies

The Government first argues that the Court lacks subject matter jurisdiction over the petition because the twins have failed to exhaust their administrative remedies. Pursuant to 8 U.S.C. § 1252(d)(1), a court may review a final order of removal only if the alien has exhausted all administrative remedies available to her as of right. See McBrearty v. Perryman, 212 F.3d 985, 987 (7th Cir. 2000). The twins have not exhausted their administrative remedies with respect to either their due process or LIFE Act claims. There is no evidence that the twins have raised the LIFE Act issue before any administrative body or that they are somehow barred from doing so. Indeed, the interim INS rule governing implementation of the LIFE Act contemplates the

reopening of removal proceedings to consider a deportee's claim that her removal is stayed by the Act. See Adjustment of Status To That of Person Admitted for Permanent Residence; Temporary Removal of Certain Restrictions of Eligibility – Interim Rule with Request for Comments, 66 Fed. Reg. 16383, 16386 (March 26, 2001) (to be codified at 8 C.F.R. pt. 245). Nor have the twins exhausted their administrative remedies regarding the adequacy of the notice they received prior to their removal hearing. That issue forms the basis for their appeal, which is currently pending before the Board of Immigration Appeals. Accordingly, we believe the twins' petition for habeas corpus is premature and is subject to dismissal.

## II. Habeas jurisdiction after the IIRIRA amendments

The Government further contends that the petition must be dismissed for the additional, alternative reason that a petition for habeas corpus is an improper vehicle for judicial review of the twins' removal orders. Aliens have traditionally been permitted to challenge a deportation order by means of a petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, which gives federal courts jurisdiction to grant the writ to a petitioner held in custody in violation of the Constitution, laws, or treaties of the United States. The Government maintains that Congress repealed this grant of habeas jurisdiction with the passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (the "IIRIRA"), which amended the judicial review

provisions of the Immigration and Nationality Act (the "INA"). Under the IIRIRA, the Government argues, all challenges to removal proceedings must now be brought before a Court of Appeals in the context of a petition for review of a final order of removal.

Section 306 of the IIRIRA amended section 242(g) of the INA to read as follows:

> Exclusive Jurisdiction.-Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act. 8 U.S.C. § 1252(g).

Furthermore, Section 242(b)(9) of the amended INA provides:

> Consolidation of issues for judicial review.-Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this title shall be available only in judicial review of a final order under this section. 8 U.S.C. § 1252(b)(9).

Section 1252 makes judicial review of final removal orders available pursuant to a petition for review filed in the court of appeals for the judicial circuit in which the immigration judge completed the proceedings. See 8 U.S.C. § 1252(b).

The question of whether these provisions of the IIRIRA eliminate all district court jurisdiction to entertain habeas petitions under § 2241 is an unsettled one. See Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 119 S. Ct. 936,

942, n.7 (1999) (noting split in circuit authority). Early this year, the Supreme Court granted certiorari in two cases in which that question is presented. See St. Cyr v. INS, 229 F.3d 406 (2d Cir. 2000), cert. granted, 121 S. Ct. 848 (2001); Calcano-Martinez v. INS, 232 F.3d 328 (2d Cir. 2000), cert. granted, 121 S. Ct. 849 (2001). Pending a ruling on the issue by the Supreme Court, we are bound by the Seventh Circuit's holding that section 1252(g) "foreclose[s] virtually all judicial review of deportation, including habeas review, in cases to which it applies." Bhatt v. Reno, 204 F.3d 744, 746 (1999). Those cases, the Supreme Court has held, are limited to suits challenging the three actions or decisions specifically enumerated in the statute – commencing proceedings, adjudicating cases, or executing removal orders. Reno v. American-Arab Anti-Discrimination Committee, 119 S. Ct. at 943.

Petitioners argue that the relief they seek is unrelated to any of the three actions specified in § 1252(g). We disagree. The INS has issued orders of removal against both twins and has taken the additional step of ordering them to appear for deportation at a specified date and time. The twins have now filed a habeas petition in an effort to block their removal from the United States. Under similar circumstances, the Seventh Circuit in Bhatt v. Reno found the alien's habeas petition to "arise[] from the decision and action...by the Attorney General...to execute removal orders" against him. See 204

F.3d at 746. The court went on to confirm that in such cases, habeas review was essentially eliminated by the IIRIRA. Id.

The twins have made no showing that the denial of habeas in this case would present a "bizarre miscarriage[] of justice" such that theirs would be "one of those rare cases in which we would have to confront the question whether an exception to the normal bar on habeas corpus petitions must be recognized." Chowdury v. Ashcroft, 241 F.3d 848, 851 (7th Cir. 2001). In fact, the twins' appeal is still pending before the Board of Immigration Appeals; administrative relief may still be available to them. In addition, the twins are not precluded by this ruling from filing with the Court of Appeals an appropriate petition for review of their removal orders. We hold merely that we lack jurisdiction to consider their constitutional and statutory claims on a § 2241 petition for habeas corpus. On this ground, the twins' petition must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted. The petition for habeas corpus is dismissed in its entirety.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: June 13, 2001

G:\GKOCORAS\00c70983